FILED
CLERK'S OF

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

...3 DEC 16  A 11: 16

U.S. DISTRICT COURT
DISTRICT OF MASS

JOANNE B. BROOKS, AS                )
ADMINISTRATRIX OF THE ESTATE        )
OF JASON MICHAEL HOURAN,            )
    Plaintiff                       )
                                    )
    v.                              )
                                    )   Docket No.
SPECIALTY MINERALS INC.,            )
MINERALS TECHNOLOGIES INC.,         )
BEMIS LINE CONSTRUCTION             )
COMPANY, INC. and HAWKEYE, LLC,     )
    Defendants                      )


**PLAINTIFF'S COMPLAINT**

**I.**    **PARTIES**

    1.    The Plaintiff, Joanne B. Brooks, resides at 27 Friend Street, Adams, Berkshire

County, Massachusetts.

    2.    The Plaintiff is the mother of the late Jason Michael Houran, who died on July 27,

2006. A copy of Mr. Houran's death certificate is attached as Exhibit A.

    3.    The Plaintiff is the duly appointed administratrix of the estate of Jason Michael

Horan. A copy of her Certificate of Appointment as such by the Probate and Family Court of the

Commonwealth of Massachusetts, Berkshire County Division, is attached as Exhibit B.

    4.    Defendant Specialty Minerals Inc. (hereinafter "SMI") is a foreign corporation

organized under the laws of the State of Delaware with its principal place of business at

405 Lexington Avenue, New York, New York.

5.     Defendant Minerals Technologies Inc. (hereinafter "MTI") is a foreign corporation organized under the laws of the State of Delaware with its principal place of business at 405 Lexington Avenue, New York, New York.

6.     Upon information and belief, Defendant SMI is a wholly owned subsidiary of Defendant MTI (i.e., its parent company).

7.     Defendant Bemis Line Construction Company, Inc. (hereinafter "Bemis Line Construction") is a foreign corporation organized under the laws of the State of Vermont with its principal place of business at 727 VT Rte. 112, Jacksonville, Vermont.

8.     Defendant Hawkeye, LLC (hereinafter "Hawkeye") is a limited liability company organized under the laws of the State of New York with a principal place of business at 100 Marcus Boulevard, Hauppauge, New York.

9.     Upon information and belief, Defendant Bemis Line Construction is a subsidiary of Defendant Hawkeye, LLC (i.e., its parent company).

## II.     JURISDICTION AND VENUE

10.     Jurisdiction of this action is predicated upon 28 U.S.C. § 1332.

11.     The amount in controversy exceeds $75,000, exclusive of interest and costs.

12.     Venue for this action is predicated upon 28 U.S.C. § 1391.

## III.     FACTS

13.     At all times relevant hereto, including July 27, 2006, Defendant SMI owned, maintained or otherwise controlled premises located in Adams, Berkshire County, Massachusetts, on which it operated a mining operation ("Adams mine premises").

2

14.     Upon information and belief and at all times relevant hereto, including July 27, 2006, Defendant MTI was the parent company of Defendant SMI and, as such, had the opportunity to control and direct the activities of Defendant SMI with respect to its ownership, maintenance and control of the Adams mine premises, including SMI's activities regarding the health and safety of SMI's employees, contractors, customers, the public and those lawfully on SMI's Adams mine premises.

15.     Upon information and belief, in or about December 1998, Defendant SMI contracted with Defendant Bemis Line Construction to install electrical power service at Defendant SMI's Adams mine premises.

16.     Upon information and belief, in or about December 1998, pursuant to its contract with Defendant SMI, Defendant Bemis Line Construction installed electrical power service at Defendant SMI's Adams mine premises.

17.     The electrical power service installed by Defendant Bemis Line Construction at the Adams mine premises included a utility pole, guy wire and three-mounted transformers, component parts thereto and electrical power thereto known as Substation 15.

18.     Upon information and belief, in 2004, the originally installed transformers at Substation 15 were struck by lightning and Defendant SMI contracted with Defendant Bemis Line Construction to replace the damaged transformers with new transformers at Substation 15.

19.     Upon information and belief, in 2004, pursuant to its contract with Defendant SMI, Defendant Bemis Line replaced the damaged transformers at Substation 15 with new transformers.

3

20.     Upon information and belief and at all times relevant hereto, including July 27, 2006, Defendant Hawkeye was the parent company of Defendant Bemis Line Construction and, as such, had the opportunity to control and direct the activities of Defendant Bemis Line Construction with respect to its installation of the electrical power service at Defendant SMI's Adams mine premises and its replacement of transformers at Substation 15.

21.     Upon information and belief, Defendant SMI contracted with Adams Trucking Co., Inc. of Adams, Berkshire County, Massachusetts, to provide laborers to perform general and ground maintenance and clean-up work at Defendant SMI's Adams mine premises.

22.     Upon information and belief, in July 2006, Adams Trucking Co. provided laborers to Defendant SMI to perform general and ground maintenance and clean-up work at Defendant SMI's Adams mine premises.

23.     Jason Michael Houran was a laborer employed by Adams Trucking Co., Inc. who performed general and ground maintenance and clean-up work at Defendant SMI's Adams mine premises in July 2006.

24.     On July 27, 2006, Jason Michael Houran was lawfully on Defendant SMI's Adams mine premises to perform ground maintenance and clean-up work consisting, in part, of trimming grass, weeds and clearing brush and saplings near Substation 15.

25.     Prior to July 27, 2006, and at all relevant times hereto, there existed at Substation 15 on Defendant SMI's Adams mine premises unreasonably dangerous and hazardous conditions in violation of relevant industry standards, codes and regulations.

26.     These unreasonably dangerous and hazardous conditions and/or violations included Defendant Bemis Line Construction and Defendant SMI's failure to ensure that the guy

4

wire to the Substation 15 utility pole was properly grounded and/or equipped with the proper amount of insulator protection.

27.     These unreasonably dangerous and hazardous conditions and/or violations included the improper installation at Substation 15, related to the guy wire, utility pole and transformers and attachments thereto.

28.     These unreasonably dangerous and hazardous conditions and/or violations included the improper repair at Substation 15, subsequent to the 2004 lightning strike, including the guy wire, utility pole and transformers and attachments thereto.

29.     These unreasonably dangerous and hazardous conditions and/or violations were caused, in part, because Substation 15, including the guy wire, utility pole and transformers and attachments thereto, were improperly maintained and/or monitored.

30.     These unreasonably dangerous and hazardous conditions and/or violations were caused, in part, because Substation 15, including the guy wire, utility pole and transformers and attachments thereto, were improperly inspected.

31.     At all times relevant hereto, these unreasonably dangerous and hazardous conditions and/or violations endangered or materially impaired the health and safety of those individuals lawfully on the Adams mine premises, including laborers such as the decedent, Jason Michael Houran.

32.     At all relevant times hereto, Defendant Bemis Line Construction, including prior to July 27, 2006, knew or should have known of the above-referenced unreasonably dangerous and hazardous conditions and/or violations at Substation 15.

5

33. At all relevant times hereto, Defendant SMI, including prior to July 27, 2006, knew or should have known of the above-referenced unreasonably dangerous and hazardous conditions and/or violations at Substation 15.

34. At all relevant times hereto, Defendant MTI, including prior to July 27, 2006, knew or should have known of the above-referenced unreasonably dangerous and hazardous conditions and/or violations at Substation 15.

35. At all relevant times hereto, Defendant Hawkeye, including prior to July 27, 2006, knew or should have known of the above-referenced unreasonably dangerous and hazardous conditions and/or violations at Substation 15.

36. In addition to the above-referenced hazardous and dangerous conditions and/or violations present prior to July 27, 2006, Defendant SMI knew or should have known that the amount of electricity present at Substation 15 and within the component parts thereto created a dangerous instrumentality and/or an ultra-hazardous activity therefore requiring Defendant SMI to exercise a "heightened" degree of care with regard to same.

37. In addition to the above-referenced hazardous and dangerous conditions and/or violations present prior to July 27, 2006, Defendant Bemis Line Construction knew or should have known that the amount of electricity present at Substation 15 and within the component parts thereto created a dangerous instrumentality and/or an ultra-hazardous activity therefore requiring Defendant Bemis Line Construction to exercise a "heightened" degree of care with regard to same.

38. In addition to the hazardous and dangerous condition and/or violations present prior to July 27, 2006, Defendant MTI knew or should have known that the amount of electricity

6

present at Substation 15, and within the component parts thereto, created a dangerous instrumentality and/or an ultra-hazardous activity therefore requiring Defendant MTI to exercise a heightened degree of care with regard to same.

39. In addition to the hazardous and dangerous condition and/or violations present prior to July 27, 2006, Defendant Hawkeye knew or should have known that the amount of electricity present at Substation 15, and within the component parts thereto, created a dangerous instrumentality and/or an ultra-hazardous activity therefore requiring Defendant Hawkeye to exercise a heightened degree of care with regard to same.

40. Prior to July 27, 2006, Defendant Bemis Line Construction and/or Defendant SMI failed to remedy the unreasonably dangerous and hazardous conditions and/or violations at Substation 15.

41. Prior to July 27, 2006, Defendant MTI and/or Defendant Hawkeye failed to remedy and/or failed to ensure their respective subsidiaries remedied the unreasonably dangerous and hazardous conditions and/or violations at Substation 15.

42. At all relevant times hereto, including prior to July 27, 2006, Defendant Bemis Construction and/or Defendant SMI failed to warn Jason Michael Houran, other laborers and other individuals lawfully on the Adams mine premises of said unreasonably dangerous and hazardous conditions and/or violations.

43. At all relevant times hereto, including prior to July 27, 2006, Defendant MTI and/or Defendant Hawkeye failed to warn and/or failed to ensure their respective subsidiaries warned Jason Michael Houran, other laborers and other individuals lawfully on the Adams mine premises of said unreasonably dangerous and hazardous conditions and/or violations.

7

44.    On July 27, 2006, as a result of said unreasonably dangerous and hazardous conditions and/or violations, Jason Michael Houran, while performing his duties of trimming grass, weeds and clearing saplings and brush around Substation 15 was electrocuted and sustained fatal injuries that resulted in his death.

45.    At the time of his death on July 27, 2006, Jason Michael Houran was survived by the Plaintiff and by his four-year-old son, Brennan David Houran of Adams, Massachusetts.

## COUNT I
## (WRONGFUL DEATH AND NEGLIGENCE
## v. DEFENDANT SPECIALTY MINERALS, INC.)

46.    The Plaintiff re-asserts and incorporates by reference the allegations set forth in Paragraphs 1 through 45 above as if set forth fully and separately herein.

47.    Defendant SMI, or one for whose acts or omissions it is legally responsible, was negligent and otherwise failed to exercise reasonable care in, inter alia, failing to inspect, monitor and/or ensure that Substation 15 and its component parts thereto were properly installed and/or repaired; failing to properly maintain Substation 15 and its component parts thereto; failing to remedy the hazardous and dangerous condition at Substation 15; failing to ensure compliance with required industry standards, codes and regulations; and failing to properly warn persons lawfully on the Adams mine premises of the hazardous and dangerous condition.

48.    Defendant SMI's negligence was a proximate cause of Jason Michael Houran's death.

WHEREFORE, the Plaintiff, Joanne Brooks, as administratrix of the estate of Jason Michael Houran, demands judgment for damages against Defendant Specialty Minerals, Inc.

8

pursuant to Mass. G. L. c. 229, § 2, plus interest and costs and such other and further relief as the Court deems just.

**COUNT II**
**(WRONGFUL DEATH AND MALICIOUS, WILLFUL, WANTON,**
**RECKLESS OR GROSSLY NEGLIGENT CONDUCT v. DEFENDANT**
**SPECIALTY MINERALS, INC.)**

49.     The Plaintiff re-asserts and incorporates by reference the allegations set forth in Paragraphs 1 through 48 above as if set forth fully and separately herein.

50.     Defendant SMI's conduct as described was malicious, willful, wanton, reckless or grossly negligent.

51.     Defendant SMI's malicious, willful, wanton, reckless or grossly negligent conduct was a proximate cause of Jason Michael Houran's death.

WHEREFORE, the Plaintiff, Joanne Brooks, as administratrix of the estate of Jason Michael Houran, demands judgment for damages, including punitive damages, against Defendant Specialty Minerals, Inc. pursuant to Mass. G. L. c. 229, § 2, plus interest and costs and such other and further relief as the Court deems just.

**COUNT III**
**(CONSCIOUS PAIN AND SUFFERING v.**
**DEFENDANT SPECIALTY MINERALS, INC.)**

52.     The Plaintiff re-asserts and incorporates by reference the allegations set forth in Paragraphs 1 through 51 above as if set forth fully and separately herein.

53.     Defendant SMI's negligence was a proximate cause of conscious pain and suffering of Jason Michael Houran.

WHEREFORE, the Plaintiff, Joanne Brooks, as the administratrix of the estate of Jason Michael Houran, demands judgment for damages against Defendant Specialty Minerals, Inc. pursuant to Mass. G. L. c. 229, § 6, plus interest and costs and such other and further relief as this Court deems just.

## COUNT IV
## (STRICT LIABILITY v.
## DEFENDANT SPECIALTY MINERALS, INC.)

54.     The Plaintiff re-asserts and incorporates by reference the allegations set forth in Paragraphs 1 through 53 above as if set forth fully and separately herein.

55.     Defendant SMI breached its duty to exercise a "heightened" degree of care with regard to the dangerous instrumentality and/or ultra-hazardous activity of electricity at Substation 15, including the installation, inspection, maintenance, repair and/or monitoring of said dangerous instrumentality and/or ultra hazardous activity.

56.     Said breach by Defendant SMI was a proximate cause of the death of Jason Michael Houran.

57.     Defendant SMI is strictly liable for the death of Jason Michael Houran.

WHEREFORE, the Plaintiff, Joanne Brooks, as administratrix of the estate of Jason Michael Houran, demands judgment for damages against Defendant Specialty Minerals, Inc., plus interest and costs and such other and further relief as the Court deems just.

## COUNT V
## (WRONGFUL DEATH AND NEGLIGENCE
## v. DEFENDANT MINERALS TECHNOLOGIES, INC.)

58.     The Plaintiff re-asserts and incorporates by reference the allegations set forth in Paragraphs 1 through 57 above as if set forth fully and separately herein.

10

59.     Defendant MTI, or one for whose acts or omissions it is legally responsible, was

negligent in failing to exercise reasonable care in, inter alia, failing to inspect, monitor and/or

ensure that Substation 15 and its component parts thereto were properly installed and/or repaired;

in failing to properly maintain Substation 15 and its component parts thereto; in failing to

remedy the hazardous and dangerous condition at Substation 15; in failing to ensure compliance

with industry standards, codes and regulations; and in failing to properly warn persons lawfully

on the Adams mine premises of the hazardous and dangerous condition.

60.     The negligence of Defendant MTI was a proximate cause of the death of Jason

Michael Houran.

WHEREFORE, the Plaintiff, Joanne Brooks, as administratrix of the estate of Jason

Michael Houran, demands judgment for damages against Defendant Minerals Technologies, Inc.

pursuant to Mass. G. L. c. 229, § 2, plus interest and costs and such other and further relief as the

Court deems just.

## COUNT VI
## (WRONGFUL DEATH AND MALICIOUS, WILLFUL, WANTON, RECKLESS OR GROSSLY NEGLIGENTLY CONDUCT v. DEFENDANT MINERALS TECHNOLOGIES, INC.)

61.     The Plaintiff re-asserts and incorporates by reference the allegations set forth in

Paragraphs 1 through 60 above as if set forth fully and separately herein.

62.     Defendant MTI's conduct as described was malicious, willful, wanton, reckless or

grossly negligent.

63.     Defendant MTI's malicious, willful, wanton, reckless or grossly negligent

conduct was a proximate cause of Jason Michael Houran's death.

11

WHEREFORE, the Plaintiff, Joanne Brooks, as administratrix of the estate of Jason Michael Houran, demands judgment for damages, including punitive damages, against Defendant Minerals Technologies, Inc. pursuant to Mass. G. L. c. 229, § 2, plus interest and costs and such other and further relief as the Court deems just.

## COUNT VII
## (CONSCIOUS PAIN AND SUFFERING v.
## DEFENDANT MINERALS TECHNOLOGIES, INC.)

64.    The Plaintiff re-asserts and incorporates by reference the allegations set forth in Paragraphs 1 through 63 above as if set forth fully and separately herein.

65.    Defendant MTI's negligence was a proximate cause of conscious pain and suffering of Jason Michael Houran.

WHEREFORE, the Plaintiff, Joanne Brooks, as the administratrix of the estate of Jason Michael Houran, demands judgment for damages against Defendant Minerals Technologies, Inc. pursuant to Mass. G. L. c. 229, § 6, plus interest and costs and such other and further relief as this Court deems just.

## COUNT VIII
## (STRICT LIABILITY v.
## DEFENDANT MINERALS TECHNOLOGIES, INC.)

66.    The Plaintiff re-asserts and incorporates by reference the allegations set forth in Paragraphs 1 through 65 above as if set forth fully and separately herein.

67.    Defendant MTI breached its duty to exercise a heightened degree of care with regard to the dangerous instrumentality and/or ultra-hazardous activity of electricity at Substation 15, including the installation, inspection, maintenance, repair and/or monitoring of said dangerous instrumentality and/or ultra-hazardous activity.

68.     Said breach by Defendant MTI was a proximate cause of Jason Michael Houran's death.

69.     Defendant MTI is strictly liable for Jason Michael Houran's death.

WHEREFORE, the Plaintiff, Joanne Brooks, as the administratrix of the estate of Jason Michael Houran, demands judgment for damages against Defendant Mineral Technologies, Inc., plus interest and costs and such other and further relief as this Court deems just.

## COUNT IX
### (WRONGFUL DEATH AND NEGLIGENCE v.
### DEFENDANT BEMIS LINE CONSTRUCTION COMPANY, INC.)

70.     The Plaintiff re-asserts and incorporates by reference the allegations set forth in Paragraphs 1 through 69 above as if set forth fully and separately herein.

71.     Defendant Bemis Line Construction was negligent and otherwise failed to exercise reasonable care in failing to inspect, monitor and/or ensure that Substation 15 and its component parts thereto were properly installed and/or repaired; failing to remedy the hazardous and dangerous condition at Substation 15; failing to ensure compliance with industry standards, codes and regulations; and in failing to warn of the hazardous and dangerous condition at Substation 15.

72.     Defendant Bemis Line Construction's negligence was the proximate cause of Jason Michael Houran's death.

WHEREFORE, the Plaintiff, Joanne Brooks, as administratrix of the estate of Jason Michael Houran, demands judgment for damages against Defendant Bemis Line Construction Company, Inc. pursuant to Mass. G. L. c. 229, § 2, plus interest and costs and such other and further relief as this Court deems just.

13

**COUNT X**
**(WRONGFUL DEATH AND MALICIOUS, WILLFUL, WANTON,**
**RECKLESS OR GROSSLY NEGLIGENT CONDUCT v. DEFENDANT**
**BEMIS LINE CONSTRUCTION COMPANY, INC.)**

73.    The Plaintiff re-asserts and incorporates by reference the allegations set forth in

Paragraphs 1 through 72 above as if set forth fully and separately herein.

74.    Defendant Bemis Line Construction's conduct as described was malicious,

willful, wanton, reckless or grossly negligent.

75.    Defendant Bemis Line Construction's malicious, willful, wanton, reckless or

grossly negligent conduct was a proximate cause of Jason Michael Houran's death.

WHEREFORE, the Plaintiff, Joanne Brooks, as administratrix of the estate of Jason

Michael Houran, demands judgment for damages, including punitive damages, against

Defendant Bemis Line Construction Company, Inc. pursuant to Mass. G. L. c. 229, § 2, plus

interest and costs and such other and further relief as this Court deems just.

**COUNT XI**
**(CONSCIOUS PAIN AND SUFFERING v.**
**DEFENDANT BEMIS LINE CONSTRUCTION COMPANY, INC.)**

76.    The Plaintiff re-asserts and incorporates by reference the allegations set forth in

Paragraphs 1 through 75 above as if set forth fully and separately herein.

77.    Defendant Bemis Line Construction's negligence was a proximate cause of

conscious pain and suffering of Jason Michael Houran.

WHEREFORE, the Plaintiff, Joanne Brooks, as the administratrix of the estate of Jason

Michael Houran, demands judgment for damages against Defendant Bemis Line Construction

Company, Inc. pursuant to Mass. G. L. c. 229, § 6, plus interest and costs and such other and

further relief as this Court deems just.

14

## COUNT XII
## (STRICT LIABILITY v. DEFENDANT BEMIS
## LINE CONSTRUCTION COMPANY, INC.)

78.     The Plaintiff re-asserts and incorporates by reference the allegations set forth in Paragraphs 1 through 77 above as if set forth fully and separately herein.

79.     Defendant Bemis Line Construction breached its duty to exercise a heightened degree of care with regard to the dangerous instrumentality and/or ultra-hazardous activity of electricity at Substation 15, including the installation, inspection, maintenance, repair and/or monitoring of said dangerous instrumentality and/or ultra-hazardous activity.

80.     Said breach by Defendant Bemis Line Construction's failure was a proximate cause of Jason Michael Houran's death on July 27, 2006.

81.     Defendant Bemis Line Construction is strictly liable for Jason Michael Houran's July 27, 2006 death.

WHEREFORE, the Plaintiff, Joanne Brooks, as the administratrix of the estate of Jason Michael Houran, demands judgment for damages against Defendant Bemis Line Construction Company, Inc., plus interest and costs and such other and further relief as this Court deems just.

## COUNT XIII
## (WRONGFUL DEATH AND NEGLIGENCE v.
## DEFENDANT HAWKEYE, LLC)

82.     The Plaintiff re-asserts and incorporates by reference the allegations set forth in Paragraphs 1 through 81 above as if set forth fully and separately herein.

83.     Defendant Hawkeye, or one for whose acts or omissions it is legally responsible, was negligent and otherwise failed to exercise reasonable care in, inter alia, failing to inspect,

15

monitor and/or ensure that Substation 15 and its component parts thereto were properly installed and/or repaired, in failing to remedy the hazardous and dangerous condition at Substation 15; in failing to ensure compliance with industry standards, codes and regulations; and in failing to properly warn persons lawfully on the Adams mine premises of the hazardous and dangerous condition that existed.

84.    The negligence of Defendant Hawkeye was a proximate cause of the death of Jason Michael Houran.

WHEREFORE, the Plaintiff, Joanne Brooks, as administratrix of the estate of Jason Michael Houran, demands judgment for damages against Defendant Hawkeye pursuant to Mass. G. L. c. 229, § 2, plus interest and costs and such other and further relief as the Court deems just.

## COUNT XIV
## (WRONGFUL DEATH AND MALICIOUS, WILLFUL, WANTON, RECKLESS OR GROSSLY NEGLIGENT CONDUCT v. DEFENDANT HAWKEYE, LLC)

85.    The Plaintiff re-asserts and incorporates by reference the allegations set forth in Paragraphs 1 through 84 above as if set forth fully and separately herein.

86.    Defendant Hawkeye's conduct as described was malicious, willful, wanton, reckless or grossly negligent.

87.    Defendant Hawkeye's malicious, willful, wanton, reckless or grossly negligent conduct was a proximate cause of Jason Michael Houran's death.

WHEREFORE, the Plaintiff, Joanne Brooks, as administratrix of the estate of Jason Michael Houran, demands judgment for damages, including punitive damages, against Defendant Hawkeye, LLC pursuant to Mass. G. L. c. 229, § 2, plus interest and costs and such other and further relief as the Court deems just.

16

## COUNT XV
## (CONSCIOUS PAIN AND SUFFERING v.
## DEFENDANT HAWKEYE, LLC)

88.     The Plaintiff re-asserts and incorporates by reference the allegations set forth in

Paragraphs 1 through 87 above as if set forth fully and separately herein.

89.     Defendant Hawkeye's negligence was a proximate cause of conscious pain and

suffering of Jason Michael Houran.

WHEREFORE, the Plaintiff, Joanne Brooks, as the administratrix of the estate of Jason

Michael Houran, demands judgment for damages against Defendant Hawkeye, LLC pursuant to

Mass. G. L. c. 229, § 6, plus interest and costs and such other and further relief as this Court

deems just.

## COUNT XX
## (STRICT LIABILITY v.
## DEFENDANT HAWKEYE, LLC)

90.     The Plaintiff re-asserts and incorporates by reference the allegations set forth in

Paragraphs 1 through 89 above as if set forth fully and separately herein.

91.     Defendant Hawkeye breached its duty to exercise a heightened degree of care

with regard to the dangerous instrumentality and/or ultra-hazardous activity of electricity at

Substation 15, including the installation, inspection, maintenance, repair and/or monitoring of

said dangerous instrumentality and/or ultra-hazardous activity.

92.     Said breach by Defendant Hawkeye was a proximate cause of Jason Michael

Houran's death on July 27, 2006.

93.     Defendant Hawkeye is strictly liable for Jason Michael Houran's death on

July 27, 2006.

WHEREFORE, the Plaintiff, Joanne Brooks, as the administratrix of the estate of Jason Michael Houran, demands judgment for damages against Defendant Hawkeye, LLC for all damages plus interest and costs and such other and further relief as this Court deems just.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

Dated: December 15, 2008

THE PLAINTIFF
JOANNE B. BROOKS,
AS ADMINISTRATRIX OF THE ESTATE
OF JASON MICHAEL HOURAN

By her attorneys,

J. Norman O'Connor, Jr.
BBO No. 376915

Michael R. Palmieri
BBO No. 645674

For Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA  01247
Tel.:    (413) 663-3200
Fax:    (413) 663-7970

MLB/MRP:MGR