UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOANNE B. BROOKS, AS ) | |
| ADMINISTRATRIX OF THE ESTATE ) | |
| OF JASON MICHAEL HOURAN, ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Docket No. 08-cv-30233-MAP |
| SPECIALTY MINERALS, INC., ) | |
| MINERALS TECHNOLOGIES, INC., ) | |
| BEMIS LINE CONSTRUCTION ) | |
| COMPANY, INC., BEMIS ) | |
| ENTERPRISES, INC., BEMIS, LLC, and ) | |
| HAWKEYE, LLC, ) | |
|     Defendants ) | |

## AGREEMENT FOR APPROVAL OF SETTLEMENT
## PURSUANT TO G.L. c. 152, § 15

NOW COMES the plaintiff, Joanne B. Brooks, as Administratrix of the Estate of Jason

Michael Houran, and requests the court, pursuant to the provisions of G.L. c. 152, § 15, approve

the settlement agreement by and between the plaintiff and defendants Specialty Minerals, Inc.,

Minerals Technologies, Inc., Bemis Line Construction Company, Inc. and Bemis Enterprises,

Inc.[1], in accordance with the allocation of settlement proceeds set forth herein.

## BACKGROUND

On July 27, 2006, the plaintiff's decedent, Jason Michael Houran ("JMH"), died as a

result of electrocution arising out of and in the course of his employment for Adams Trucking

Company ("Adams Trucking"). At the time of his death, JMH was using a weed whacker in the

area called Substation 15 on the premises of defendant Specialty Minerals, Inc. ("SMI") when he

cut through a guy wire attached to a utility pole. Defendant Bemis Line Construction Company,

APD 6/6/11

Inc. and its successor, Bemis, LLC, designed and constructed said Substation 15 and did

---

[1] All claims and cross claims as against defendants Bemis, LLC and Hawkeye, LLC were dismissed by summary
judgment or by agreement of the parties (Memorandum and Order, Document No. 86, filed 2/10/11).

subsequent repair work at the location of Substation 15 on the premises of defendant SMI. JMH was survived by his mother, Joanne B. Brooks ("plaintiff"), and his son, Brennan Houran, who was four years old at the time of his father's death.

The plaintiff commenced this so-called "third party action" seeking damages for pain and suffering and the wrongful death of JMH.

Savers Property & Casualty Insurance Company ("Savers"), the workers' compensation carrier for Adams Trucking, has and continues to pay so-called "workers' compensation benefits" pursuant to G.L. c. 152. As of June 6, 2011, said benefits total $96,249. Said benefits consist primarily of dependency benefits pursuant to G.L. c. 152, § 31 paid for the benefit of the decedent's son, Brennan Houran, and paid to his mother and natural guardian, Nicole LeBeau.[2] This settlement agreement, by virtue of the allocation of settlement funds, provides that Savers is reimbursed in full for its workers' compensation payments through June 6, 2011, as provided by G.L. c. 152, § 15. The captioned action was resolved for the gross settlement amount of $725,000 at mediation between the plaintiff and defendants. Of said settlement amount, $362,500 is paid by or on behalf of defendants SMI and Minerals Technologies, Inc. and $362,500 is paid by or on behalf of defendants Bemis Line Construction Company, Inc. and ~~Bemis, LLC~~. In light of the evidence that the death of JMH was immediate, such that he endured no conscious pain and suffering, the settlement amount is allocated for wrongful death for the benefit of Brennan Houran, the son of JMH, pursuant to G.L. c. 229, § 2.

Under the proposed allocation, Savers, the workers' compensation insurer, will be reimbursed from the settlement all workers' compensation benefits paid through June 6, 2011, less its pro-rata share of attorneys' fees and expenses. The following allocation reflects a total legal fee of one-third of the gross recovery pursuant to the Contingent Fee Agreement entered

---

[2] The sum of $5,173.47 of said workers' compensation payment consists of payment of medical and funeral expenses pursuant to G.L. c. 152.

2

into by and between Donovan & O'Connor, LLP and the plaintiff ($241,667) plus total legal

costs of $42,000.[3]  Combined legal fees and costs are 39.1265% of the gross settlement amount.

Savers Property & Casualty
Insurance Company                         $58,590.00

> $96,249.00 (Savers' lien as of 6/6/11)
> -37,659.00 (Atty fee and costs of 39.1265%)
> $58,590.00

MetLife Tower Resources Group,
Inc. to fund the periodic payments
through the purchase of an
annuity through Metropolitan Life
Insurance Company which has
an A.M.Best rating of A+15
as follows:

Payee:  Nicole LeBeau as Mother
and Natural Guardian of Brennan
Houran, a Minor, for the benefit of
Brennan Houran, until he reaches
age of majority and then paid to
Brennan Houran.

$2,743.00 payable to Joanne B.
Brooks as Administratrix of the
Estate of Jason Michael Houran
for expenses of the Estate
including those of the
Administratrix in prosecuting the
captioned action.
(Which expenses are subject to
approval of the Berkshire County
Probate Court; to the extent any
of such expenses are not
approved, they will be paid for
the benefit of Brennan Houran.)

                                          $382,743.00

> $628,751.00
> -246,008.00 (Atty fee and costs of 39.1265%)
> $382,743.00

---

[3] As of March 25, 2011, costs were $42,067.16.  Donovan & O'Connor is waiving reimbursement of costs incurred subsequent to March 26, 2011.

3

Donovan & O'Connor, LLP        $283,667.00

                                    $241,667.00 (Atty fee 1/3 x $725,000)

                                    $42,000.00 (Atty costs)

                                    $283,667.00

      TOTAL:        $725,000.00

As provided by Hunter v. Midwest Coast Transport, Inc., et al. 400 Mass 779 (1987),

Savers will pay 39.1265% of any workers' compensation benefits due subsequent to June 6,

2011, until such time as the total of such future benefits due equals statutory excess of $382,743;

whereafter, Savers will pay 100% of any benefits which become due under the provisions of

G.L. c. 152.

Dated: June 6, 2011

/s/ J. Norman O'Connor, Jr.
Counsel for Plaintiff
J. Norman O'Connor, Jr.
BBO No. 376915
For Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247
Tel (413) 663-3200
Fax (413) 663-7970

/s/ James B. Peloquin        per mission
Counsel for Bemis, LLC and Bemis Line
  Construction Company, Inc.
James B. Peloquin
BBO No. 544168
Conn, Kavanaugh, Rosenthal, Peisch
  & Ford, LLP
Ten Post Office Square
Boston, MA 02109
Tel (617) 482-8200; Fax (617) 482-6444

/s/ Joanne B. Brooks
Joanne B. Brooks as Administratrix of the
  Estate of Jason Michael Houran

/s/ Christopher B. Parkerson
Counsel for Specialty Minerals, Inc. and
  Minerals Technologies, Inc.
Christopher B. Parkerson
BBO No. 662952
Campbell, Campbell, Edwards
  & Conroy, P.C.
One Constitution Plaza, 3rd Floor
Boston, MA 02129
Tel (617) 241-3000; Fax (617) 241-5115

/s/ Timothy J. Supple
Savers Property & Casualty Insurance
  Company
By Timothy J. Supple
Capital & Guaranty, LLC
P.O. Box 132
Avon, CT 06001-0132
Tel (860) 284-4240
Fax (860) 284-4241

/s/ Nicole LeBeau
Nicole LeBeau as Mother and Natural
  Guardian of Brennan Houran

4

The parties in the captioned matter and Savers Property & Casualty Insurance Company, the workers' compensation insurer, after the opportunity to have appeared before the court and after opportunity had been afforded to said insurer and all parties to be heard on the merits of the settlement; on the allocation of amounts payable to plaintiff Joanne B. Brooks as Administratrix of the Estate of Jason Michael Houran; on the amount to which the workers' compensation insurer is entitled out of the settlement by way of reimbursement in satisfaction of its lien for workers' compensation benefits paid; and on the amount of excess that shall be subject to offset against any future payment of benefits pursuant to G.L. c. 152 by the insurer, the court, in accordance with G.L. c. 152, § 15, does hereby approve this agreement for settlement and allocation of settlement amounts in accordance with the terms set forth herein and in the Settlement Agreement and Release.

Dated: June 6, 2011

Michael B. Ponor
Judge
United States District Court for the District of Massachusetts

JNO'C,JR.:jll

5