SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Settlement Agreement") is made and entered into this _16_ day of _June_, 2011, by and between [among]:

| | |
|---|---|
| "PLAINTIFF" | JOANNE B. BROOKS, as Administratrix of the ESTATE OF JASON MICHAEL HOURAN |
| "DEFENDANTS" | SPECIALTY MINERALS, INC., MINERALS TECHNOLOGIES, INC., BEMIS LINE CONSTRUCTION COMPANY, INC., and BEMIS ENTERPRISES, INC. |
| "INSURERS" | LIBERTY MUTUAL INSURANCE COMPANY and PEERLESS INSURANCE COMPANY |
| "THOSE RELEASED" | SPECIALTY MINERALS, INC., MINERALS TECHNOLOGIES, INC., BEMIS LINE CONSTRUCTION COMPANY, INC., BEMIS ENTERPRISES, INC., LIBERTY MUTUAL INSURANCE COMPANY and PEERLESS INSURANCE COMPANY, and their heirs, executors, administrators, successors, assigns, agents, servants, employees, directors, officers, subsidiary corporations, parent corporations, insurers, indemnitors, and any and all other persons, firms and corporations, whether known or unknown |

RECITALS

A. Plaintiff, Joanne B. Brooks, filed a Complaint against Specialty Minerals, Inc., Minerals Technologies, Inc., Bemis Line Construction Company, Inc. and Bemis Enterprises, Inc. ("Defendants") in the United States District Court for the District of Massachusetts, Springfield Division, Civil Action No. 3:08-CV-30233-MAP (the "Complaint"), which complaint arose out of certain alleged claims of negligent acts or omissions by Defendants. In the Complaint, Plaintiff sought to recover monetary damages from the Defendants as a result of the alleged accident of July 27, 2006, which resulted in physical and personal injuries, and the wrongful death of Jason Michael Houran. Brennan David Houran is the surviving son of Jason Michael Houran and, as such, has a claim for loss of consortium or society, and wrongful death.

B. Insurers are the liability insurers of Defendants, and as such, would be obligated to pay any claim made or judgment obtained against said Defendants which are covered by their respective policies with them.

C. The parties desire to enter into this Settlement Agreement in order to provide for certain payments in full settlement and discharge of all claims which have been, or might be made, in connection with the Complaint against Defendants, upon the terms and conditions set forth below.

D. Motion for Summary Judgment on Plaintiff's claims against Defendants, Bemis, LLC and Hawkeye, LLC was allowed by the Court in Memorandum and Order entered February 10, 2011, whereby said claims were dismissed.

AGREEMENT

The parties agree as follows:

1.0 RELEASE AND DISCHARGE

1.1 In consideration of the payments set forth in Section 2, Plaintiff and Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor, hereby completely release and forever discharge Those Released from all past, present or future claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on a tort, contract or other theory of recovery (i.e., punitive damages or otherwise), which the Plaintiff and Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor, now have, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of the incident referenced in the Complaint, including, without limitation, any and all known or unknown claims for bodily and personal injuries to the Plaintiff and Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor, or any future wrongful death claim of Plaintiff's and Brennan David Houran's representatives or heirs, which have resulted or may result from the alleged acts or omissions of Those Released and all claims based on punitive damages, or loss of consortium rights, or any other legal theory which was alleged or could have been alleged against Those Released.

1.2 This release and discharge shall also apply to Defendants' and Insurers' past, present and future officers, directors, stockholders, attorneys, agents, servants, representatives, employees, subsidiaries, affiliates, partners, predecessors and successors in interest, and assigns and all other persons, firms or corporations with whom any of the former have been, are now, or may hereafter be affiliated and, also, Those Released.

1.3 This release, on the part of the Plaintiff and Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor, shall be a fully binding and complete settlement among the Plaintiff, Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor, the Defendants, the Insurers, and Those Released.

1.4 The Plaintiff and Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor, acknowledge and agree that the release and discharge set forth above is a general release. Plaintiff and Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor, expressly waive and assume the risk of any and all claims for damages which exist as of this date. The Plaintiff, Joanne B. Brooks, as Administratrix of the Estate of Jason Michael Houran and Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor, further agree that they have accepted payment and promise of payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact. Plaintiff and Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor, assume the risk that the facts or law may be other than they believe. It is understood and agreed to by the parties that this settlement is a compromise of a doubtful and disputed claim, and the payments are not to be construed as an admission of liability on the part of the Defendants, Insurers, or Those Released.

1.5 It is understood and agreed that the Plaintiff, Joanne B. Brooks, as Administratrix of the Estate of Jason Michael Houran, and Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor, represent and guarantee that any and all liens and claims – including, but not limited to, subrogation claims by any health care provider or insurer – which are, have been or may be made against the settlement proceeds or Those Released or any of them herein, will be satisfied by Plaintiff. Plaintiff, Joanne B. Brooks, as Administratrix of the Estate of Jason Michael Houran and Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor, further agree to defend, indemnify and hold harmless Those Released or any of them herein from any such claims or actions or from any other claims or actions brought against them or any of them by virtue of any inaccuracies or omissions in any representations made herein by the undersigned or their representatives.

1.6 The undersigned further represents that, with the exception of a workers compensation lien of Meadowbrook Insurance which Plaintiff will satisfy in full, there are no liens or reimbursement rights by any hospital, ambulance service, or other medical provider, Medicare, Medicaid, other medical provider, insurance company, or attorney enforceable against the proceeds of this settlement or against the parties released, Liberty Mutual Insurance Company, Peerless Insurance Company, the Liberty Mutual Group and/or any of it's

Subsidiaries, Divisions or other associated companies, or the persons, firms, or corporations making the payment herein. If any such a lien or reimbursement right is asserted against the proceeds herein, or against the released parties, or against Liberty Mutual Insurance Company, Peerless Insurance Company, the Liberty Mutual Group and/or any of it's Subsidiaries, Divisions or other associated companies, or any person, firm, or corporation making payment herein, then, in consideration of the payment made to the undersigned, the undersigned covenants to pay and satisfy such asserted lien or reimbursement right, or to satisfy the same on a compromise basis, and to obtain in any event, a release of the parties released herein, Liberty Mutual Insurance Company, Peerless Insurance Company, the Liberty Mutual Group and/or any of it's Subsidiaries, Divisions or other associated companies, or the persons, firms or corporations making the payment herein, and to indemnify and hold harmless said parties from any costs, expenses, attorney fees, claims, actions, judgments, or settlements resulting from the assertion or enforcement of such lien or reimbursement right by any entity having such lien or reimbursement right.

1.7 Plaintiff and Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor, hereby acknowledge that the reason for the scope of the definition of "Those Released" relates to the fact that there is a desire on behalf of those making payment or on whose behalf payment is being made to avoid any additional future litigation, direct or for contribution or indemnification.

## 2.0 GUARANTEED PAYMENTS

In consideration of the release set forth above, the Insurers, on behalf of the Defendants, agree to pay to the individual(s) named below ("Payee(s)") the sums outlined in this Section 2 below:

2.1 Payments due at settlement as follows:

Insurers, Liberty Mutual Insurance Company and Peerless Insurance Company, shall each pay the sum of One Hundred Seventy-Two Thousand Five Hundred Dollars and No Cents ($172,500.00) or a combined total of Three Hundred Forty-Five Thousand Dollars and No Cents ($345,000.00) to Joanne B. Brooks, as Administratrix of the Estate of Jason Michael Houran and Donovan & O'Connor, LLP (1330 Mass MoCa Way; North Adams, MA 01247) within 10 days of court approval of this Settlement Agreement and Release; and,

Insurers, Liberty Mutual Insurance Company and Peerless Insurance Company, shall each pay the additional sum of One Hundred Ninety Thousand Dollars and No Cents ($190,000.00) or a combined total of Three Hundred Eighty Thousand Dollars and No Cents ($380,000.00) to fund the future periodic payments set forth in Section 2.2, below.

These sums are in payment of damages, fees, costs and any and all liens of any kind whatsoever, specifically including, but not limited to, a worker compensation lien by Meadowbrook Insurance which Plaintiff shall satisfy in full from these settlement proceeds; and,

2.2 Periodic payments made according to the schedule as follows (the guaranteed "Periodic Payments").

**PAYEE#1: NICOLE LeBEAU as Mother & Natural Guardian of Brennan David Houran, a minor**

$1,000.00 payable monthly, guaranteed for 8 years, 9 months, beginning on 07/16/2011 with the final guaranteed payment on 03/16/2020.

**PAYEE #2:   Brennan David Houran**

$1,000.00 payable monthly, guaranteed for 4 years, 3 months, beginning on 04/16/2020, with the final guaranteed payment on 06/16/2024; and,

Guaranteed lump sum of $100,000.00 to be paid on 04/06/2027; and,

Guaranteed lump sum of $288,700.00 to be paid on 04/06/2032; and,

Guaranteed lump sum of $288,752.45 to be paid on 04/06/2037; and, no further payments to Brennan David Houran beyond said date.

All sums set forth herein constitute damages on account of physical injuries and sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

### 3.0  PAYEE'S RIGHTS TO PAYMENTS

Plaintiff and Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor, acknowledge that the Periodic Payments set forth in paragraphs 2.2 cannot be accelerated, deferred, increased or decreased by them or by any Payee; nor shall the Plaintiff Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor, or any Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

### 4.0  BENEFICIARY DESIGNATION

Any payments to be made after death of Brennan David Houran, pursuant to the terms of Section 2.2 of this Settlement Agreement, shall be paid to the Estate of Brennan David Houran, or to such other person or entity as shall be designated in writing by Payee to the Insurer, or the Insurer's Assignee(s). If no person or entity is so designated by Payee, or if the person designated is not living at the time of Brennan David Houran's death, such payments shall be made to the Estate of Brennan David Houran. Upon reaching the age of majority, Payee shall have the right to submit a request to change the beneficiary designation. No such designation, nor any revocation thereof, shall be effective unless it is in writing, signed by the Payee, and delivered to the Insurer, or the Insurer's Assignee(s). The designation must be in a form acceptable to the Insurer or its Assignee(s) before such payments are made.

### 5.0  CONSENT TO QUALIFIED ASSIGNMENT

5.1 Plaintiff and Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor, acknowledge and agree that the Defendants and/or the Insurers may make a "Qualified Assignment", within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendants' and/or Insurers' liability to make the Periodic Payments set forth in Section 2.2 to **MetLife Tower Resources Group, Inc.**, the "Assignee". The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of the Defendants and/or Insurers (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

5.2 Any such assignment, if made, shall be accepted by the Plaintiff and Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor, without right of rejection and shall completely release and discharge Defendants and Insurers from the Periodic Payments obligation assigned to the Assignee. The Plaintiff and Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor, recognize that, in the event of such assignment, the Assignee shall be the sole obligors with respect to the Periodic Payments obligations, and that all other releases with respect to the Periodic Payments obligations that pertain to the liability of the Defendants and Insurers shall thereupon become final, irrevocable and absolute.

5.3 If a qualified assignment as described above is made, Brennan David Houran shall be a "Secured Party" of the Assignee, MetLife Tower Resources Group, Inc. as defined in the Qualified Assignment, Release and Pledge Agreement executed between the Assignors and said Assignee to effect the assignment.

### 6.0    RIGHT TO PURCHASE AN ANNUITY

Defendants and/or Insurers, through their Assignee, reserve the right to fund the liability to make the Periodic Payments described in Section 2.2 through the purchase of an annuity policy from **Metropolitan Life Insurance Company**, the "Annuity Issuer". The Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. Defendants, Insurers, or the Assignee may have **Metropolitan Life Insurance Company** mail payments directly to the Payee(s). Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor,, shall be responsible for maintaining a current mailing address for Payee(s) with **Metropolitan Life Insurance Company**.

### 7.0    DISCHARGE OF OBLIGATION

The obligation of Defendants, Insurers and/or the Assignee to make each Periodic Payment shall be discharged upon the mailing of a valid check or electronic funds transfer in the amount of such payment on or before the due date to the last address on record for the Payee named in Sections 2.2 or their respective Beneficiaries with the Annuity Issuer named in this Settlement Agreement. If the Payee(s) or Beneficiaries notify the Assignee that any check or electronic funds transfer was not received, the Assignee shall direct the Annuity Issuer to initiate a stop payment action and, upon confirmation that the check was not previously negotiated or electronic funds transfer deposited, the Annuity Issuer shall process a replacement payment.

### 8.0    REPRESENTATION OF COMPREHENSION OF DOCUMENT

Plaintiff and Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor, hereby acknowledge and represent that they have carefully read this Settlement Agreement, know and understand its contents, have consulted with counsel of their choice or has had the opportunity to do so. Plaintiff and Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor, sign this Settlement Agreement voluntarily and freely, without duress and as their own free act. No promise or inducement that is not expressed in this Settlement Agreement has been made to the Plaintiff or Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor,.

Plaintiff and Nicole LeBeau, as Mother and Natural Guardian of Brennan David Houran, a minor, have not relied upon advice or representations of the Defendants or any representatives thereof in executing this Settlement Agreement.

### 9.0    WARRANTY OF CAPACITY TO EXECUTE AGREEMENT

Plaintiff, Joanne B. Brooks, as Administratrix of the Estate of Jason Michael Houran, represents and warrants that no other person or entity – with the exception of Nicole LeBeau, acting as Mother and Natural Guardian of Brennan David Houran – has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement, except as otherwise set forth herein; that Plaintiff, Joanne B. Brooks, has the sole right and exclusive authority as Administratrix of the Estate of Jason Michael Houran to execute this Settlement Agreement and receive or direct payment of the sums specified in it; and that Plaintiff has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement Agreement.

### 10.0   DISMISSAL STIPULATION AND JUDGMENT ENTRY

Counsel for Plaintiff, Joanne B. Brooks, as Administratrix of the Etate of Jason Michael Houran, and Counsel for Defendants shall execute and file with the Court a stipulation dismissing with prejudice any and all claims of Plaintiffs, upon execution of the Settlement Agreement and will see that a judgment is entered with the court reflecting said dismissal.

11.0    GOVERNING LAW

This Settlement Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Massachusetts.

12.0    ADDITIONAL DOCUMENTS

All parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.

13.0    ENTIRE AGREEMENT AND SUCCESSORS IN INTEREST

This Settlement Agreement contains the entire agreement between the Plaintiffs, Insurers, and the Defendants with regard to the matters set forth in it and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.

14.0    EFFECTIVENESS

This Settlement Agreement shall become effective immediately following execution by each of the parties, and approval of its terms by a court of competent jurisdiction.

PLAINTIFF:

*Joanne B. Brooks*
Joanne B. Brooks, as Administratrix of the Estate of
Jason Michael Houran

Date: 6-6-11

MOTHER AND NATURAL GUARDIAN OF
BRENNAN DAVID HOURAN (a minor)

*Nicole M. LeBeau*
Nicole LeBeau

Date: 6/6/11

PLAINTIFF'S ATTORNEYS:

DONOVAN & O'CONNOR, LLP

*J. Norman O'Connor*
J. Norman O'Connor, Esq.

Date: 6/6/11

INSURERS:

LIBERTY MUTUAL INSURANCE CO.

By: _____
Title: _____A+ty_____
Date: _____6-6-11_____

PEERLESS INSURANCE COMPANY

By: _____
Title: _____Alty_____
Date: _____6-6-11_____

DEFENDANTS:

SPECIALTY MINERALS, INC.

By: _____
Title: _____A+ty_____
Date: _____6-6-11_____

MINERALS TECHNOLOGIES, INC.

By: _____
Title: _____A+ty_____
Date: _____6-6-11_____

BEMIS LINE CONSTRUCTION CO., INC.

By: _____
Title: _____Alty_____
Date: _____6-6-11_____

BEMIS ENTERPRISES, INC.

By: _____
Title: _____Alty_____
Date: _____6-6-11_____

The parties and insurers in the captioned matter having appeared before the Court and having been afforded the opportunity to be heard on the merits and terms of the Settlement Agreement and Release including the allocation of settlement amounts payable to plaintiff Joanne B. Brooks as Adminstratrix of the Estate of Jason Michael Houran, the Court does hereby approve this Settlement Agreement and Release and the allocation of settlement amounts in accordance with the terms set forth therein.

Dated: __June 6, 2011__     _____Michael B. Ponsor_____
                            Judge – US District Court for the District of Massachusetts